## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY MCDONALD AND KELLY MCDONALD** | **CIVIL ACTION NO: 2:23-cv-01500-GGG-JVM** |
| *Plaintiffs* | |
| | |
| **VERSUS** | |
| | **JUDGE: GREG GERARD GUIDRY** |
| | |
| **FARMERS PROPERTY AND CASUALTY INSURANCE COMPANY** | |
| *Defendant* | **MAGISTRATE: JANIS VAN MEERVELD** |

### ANSWER TO PETITION FOR DAMAGES AND DEMAND FOR JURY TRIAL AND REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, comes FARMERS PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter referred to as "Farmers"), which in answer to the Plaintiffs' Petition for Damages and Demand for Jury Trial, hereby denies each and every allegation contained therein, except those which may be specifically admitted and further sets forth its affirmative defenses as follows:

### FIRST DEFENSE

Defendant affirmatively maintains that no additional funds are due under the policy, and *satisfactory proof of loss* has not been provided for any further payments under the policy.

### SECOND DEFENSE

Defendant affirmatively maintains that Plaintiffs have an ongoing duty to mitigate their damages.

. . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . .

**THIRD DEFENSE**

Defendant affirmatively maintains that should any payment under any dwelling coverages be determined by the trier of fact to be due and owing that Plaintiffs' mortgage company be listed as a payee on said check as required by the terms and conditions of the policy.

**FOURTH DEFENSE**

Defendant affirmatively pleads the terms and conditions of its ***named perils policy***, which requires the insureds prove that their alleged losses were caused by a named peril as set forth in the clear and unambiguous policy language.

**FIFTH DEFENSE**

Defendant affirmatively maintains that Plaintiffs have failed to state a proper cause of action for a declaratory judgment.

**SIXTH DEFENSE**

Defendant affirmatively maintains that Plaintiffs' duplicative claims for penalties and/or attorneys' fees be stricken and/or limited in conformity with Louisiana law. Defendant denies the applicability of these statutes based on its good faith handling of the instant claim.

**SEVENTH DEFENSE**

To the extent Farmers may have any liability under the Policy, which is expressly denied, Defendant affirmatively maintains that liability is subject to the limitations of liability, aggregates, and/or deductibles contained in the Policy or in any endorsement, all of which are incorporated by reference as if fully set forth herein.

**EIGHTH DEFENSE**

Defendant affirmatively maintains any liability under the Policy is excluded or reduced to the extent that the insured has other insurance applicable to the claim.

## NINETH DEFENSE

Defendant affirmatively maintains any liability under the Policy is excluded or reduced to the extent payment has already been made to Plaintiffs for their alleged damages.

## TENTH DEFENSE

Defendant affirmatively maintains a bona fide controversy existed and continues to exist concerning Plaintiff's entitlement to insurance benefits from Farmers. Farmers and its employees, agents, representatives, and adjusters are entitled to value claims differently from Farmers' policyholders without facing bad faith or extra-contractual liability. Farmers would show that a bona fide controversy existed regarding the scope of any allegedly covered loss, the value of such loss and/or whether, and the extent to which any asserted loss was the result of a covered occurrence or occurrences.

## ELEVENTH DEFENSE

Defendant affirmatively maintains it reasonably relied upon caselaw from the state and federal courts of Louisiana, which supported Farmers' interpretation of the relevant policy issued to Plaintiffs.

## TWELFTH DEFENSE

Defendant affirmatively maintains that Plaintiffs' ***named perils*** policy only provides coverage for the perils that are listed in Plaintiffs' policy, subject to the exclusions listed in Plaintiffs' policy. Defendant avers that certain claimed damages are not covered by the insuring agreement and further pleads the following, non-exclusive provisions of its insuring agreement:

### SECTION I – BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I – ADDITIONAL COVERAGES** for **Fungus and Mold Remediation.**

…..

10. **Falling Objects**

    **We** cover loss to personal property inside a building only if the falling object first damages the exterior walls or roof. Damage to the falling object itself is not covered.

…..

17. **Hurricane Windstorm**

    **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, sand, dust or debris unless the **hurricane windstorm** first damages the roof or walls and the **hurricane windstorm** forces rain, sand, dust or debris through the opening.

    **We** do not pay for loss to watercraft and their trailers, furnishings, equipment and motors unless inside a fully enclosed building. **We** do cover canoes and rowboats on the **residence premises.**

## THIRTEENTH DEFENSE

Defendant affirmatively maintains the policy issued to Plaintiffs contains certain Losses that are not covered under the policy, which provide in pertinent part:

## SECTION I – LOSSES WE DO NOT COVER

1. **We** do not insure under any Section I Coverage for any loss which would not have happened in the absence of one or more

of the following excluded events. **We** do not insure for any such loss regardless of:

(a) The cause of the excluded event;
(b) Other causes of the loss; or
(c) Whether such causes acted at the same time or in any other sequence with the excluded event to produce or contribute to the loss.

These exclusions apply whether or not the excluded event results in widespread damage or affects a substantial area. The excluded events are listed below.

…..

D. **Water damage,** meaning any loss caused by, resulting from, contributed to or aggravated by:

1. flood, surface water, waves, tidal water or overflow of a body of water, or spray for any of these, whether or not driven by wind;
2. water or water-borne material which backs up through sewers or drains, or which overflows or is discharged from a sump pump, sump pump well or other system designed to remove subsurface water which is drained from the foundation area; or
3. water or water-borne material below the surface of the ground, including water which exerts pressure on, or flows, seeps, or leaks through any part of a building, sidewalk, foundation, driveway, swimming pool or other structure or water which causes earth movement.

This exclusion applies whether or not the water damage is caused by or results from human or animal forces or any act of nature.

…..

F. **Ordinance or Law,** meaning enforcement or any ordinance or law regulating the construction, repair, demolition or zoning of buildings, unless specifically provided under this policy.

G. **Power Failure**, meaning the failure of power or other utility service if the failure takes place off the **residence premises**, except as granted under **SECTION I – ADDITIONAL COVERAGES** for **Emergency Living Expense.** If a loss

**we** pay for ensures on the **residence premises, we** pay for only the ensuing loss.

H. **Neglect** by **you** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered by a peril insured against.

…..

2. **We** do not insure under any coverage for any loss consisting of one or more of the items below. However, **we** pay for any ensuing loss unless the ensuing loss itself excluded by any other provision in this policy. Further, **we** do not insure for loss described in Exclusion 1. above and Exclusion 3. below regardless of whether one or more of the items below (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss. The items are:

A. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent or without fault;

B. defective, inadequate, faulty or unsound:

   1. planning, zoning, development, surveying, siting;
   2. design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
   3. materials used in repair, construction, renovation or remodeling; or
   4. Maintenance;
   of any property whether on or off the **residence premises**. Property includes land, structures or improvements of any kind; and

   C. weather conditions.

   However, this exclusion only applies if weather conditions contribute in any way with an excluded event or cause of loss to produce this loss.

3. **We** do not cover loss or damage to the property described in <u>Coverage A</u> and <u>Coverage B</u> which results directly or indirectly from any of the following:

A. wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

B. **fungus and mold.** There is no coverage for loss which, in whole or part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold.** This exclusion applies regardless or whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I – ADDITIONAL COVERAGES** for **Fungus and Mold Remediation;**

C. settling, cracking, shrinking, bulging, or expansion of bulkheads, pavements, patios, foundations, footings, supports, walls, floors, roofs, or ceilings;

…..

H. freezing, thawing or pressure or weight of water, snow or ice, whether driven by wind or not, to a swimming pool including filtration, heating and circulation systems, fence, driveway, roadway, walkway, pavement, patio, foundation, footing, retaining wall, bulkhead, pier, wharf or dock;

I. seepage, meaning continuous or repeated seepage or leakage of water or steam or the presence or condensation of humidity, moisture or vapor, over a period of weeks, months or years, from within:

1. a heating system;
2. an air conditioning system;
3. an automatic fire protective sprinkler system;
4. a domestic appliance; or
5. a plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors.

However, **we** pay for ensuing damages to building property that results from such seepage if the leakage of water is not able to be observed and is hidden within the walls or ceilings or above the ceilings or beneath the

floors but not below the slab or foundation floor of a structure.

For this provision, a plumbing system or domestic appliance does not include a roof drain, gutter, downspout, or similar fixtures or equipment;

J.   pressure from or presence of a tree, shrub or plant roots;

…..

**We** pay for any direct loss that follows items A. through I. to property described in Coverages A and B not otherwise excluded or excepted in this policy and then **we** pay for only the ensuing loss. If a covered water loss follows, **we** will pay the cost of tearing out and replacing any part of the building necessary to repair the plumbing or appliance, but **we** do not cover loss to the plumbing or appliance from which the water escaped.

### **FOURTEENTH DEFENSE**

Defendant affirmatively maintains the policy issued to Plaintiffs contain certain provisions concerning How We Settle a Property Loss under the policy, which provide in pertinent part:

**PROPERTY LOSS SETTLEMENT**

### **SECTION I – HOW WE SETTLE A PROPERTY LOSS**

1. **Coverage A – Dwelling and Coverage B – Private Structures**

   Covered property losses are settled as follows.

   A.   **Actual Cash Value Settlement.** Subject to the applicable deductible, **we** will pay the **actual cash value** at the time of the loss for the damage property, but no more than the lesser of:

   (i.)   The amount required to repair or replace the damaged property with property of like kind and quality; or

   (ii.)   The limit of liability applying to the property.

   1.   Actual Cash Value Settlement applies to the following types of property:

a.  aerials, antennas and awnings;
b.  cesspools, septic tanks and septic fields;
c.  outdoor equipment and swimming pools;
d.  structures that are not buildings;
e.  satellite dishes, solar panels, outdoor well pumps, and outdoor heating and cooling units;
f.  wall-to-wall carpeting unless **Replacement Cost on Contents** for **COVERAGE C – PERSONAL PROPERTY** applies; and
g.  household appliances unless **Replacement Cost on Contents** for **COVERAGE C – PERSONAL PROPERTY** applies.

The provisions of paragraphs A.2, B., C. and D. below do not apply to the above types of property.

2.  If **you** repair or replace the damaged or destroyed property, **you** may make further claim for any additional payments for **Replacement Cost Settlement** provided:

…..

c.  **you** notify **us** within 180 days after the date of **actual cash value** payment of **your** decision to repair or replace the damaged or destroyed dwelling or private structure;
d.  **you** notify **us** within 30 days after the repair or replacement has been completed; and
e.  the date of completion is within one year from the date of **actual cash value** payment.

The foregoing time limitations shall apply unless **you** or **your** representative submits written proof providing clear and reasonable justification for failure to comply with such time limitation.

B.  **Replacement Cost Settlement.** If at the time of loss the amount of insurance applicable is determined to be 80% or more of the full current replacement cost, **we** will pay the full cost of repair or replacement, subject to the applicable deductible, without deduction for depreciation subject to the following:

1. **we** will not be liable unless and until actual repair or replacement is complete; and
2. **our** liability will not exceed the smallest of:
   a. the limit of liability applicable to the building;
   b. the cost to repair or replace the damaged part(s) of the building with materials of like kind and quality on the same premises for the same occupancy and use; or
   c. the amount actually and necessarily spent to repair or replace the damaged part(s) of the building with materials of like kind and quality on the same premises for the same occupancy and use.

   If **you** rebuild **your building** or purchase an existing building at an address other than shown in the Declarations, the replacement will not increase the amount payable under Replacement Cost Settlement. The amount payable does not include the value of any land associated with replacement building(s).

   …..

   In determining the amount of insurance required to equal 80% of the full current replacement cost, the value of foundations, underground footings, underground pipes, underground wiring, and underground drains will be disregarded.

…..

D. **Coverage A Plus**

**This provision applies when Coverage A Plus is shown in the Declarations.**

For the dwelling under Coverage A, **we** will pay the **Actual Cash Value Settlement or Replacement Cost Settlement** as provided in paragraphs 1.A. and 1.B. above even if that cost exceeds the limit of liability shown in the Declarations. Payment under this provision will not include any increased costs of loss or damage resulting from the requirement of, or enforcement of, any ordinance of law regulating the construction, repair, demolition or zoning of the dwelling under Coverage A unless specifically provided under this policy. The following requirements apply:

1. **you** obtained Coverage A plus by insuring **your** dwelling to 100% of its replacement cost based on the accuracy of information **you** furnished in the completion of **our** home replacement cost estimator or upon an inspection by **us** of the **residence premises;**

2. **you** have kept **your** insurance continuously without lapse and have accepted the Inflation Protection provision in this policy including each annual adjustment in the **COVERAGE A – DWELLING** limit of liability automatically applied to **your** policy at each renewal; and

3. **you** must have notified **us** within 90 days of the start of any additions or physical changes which increase the replacement value of **your** **residence premises** by 10% of the Coverage A limit of liability of $5000, whichever is greater.

…..

2. **Coverage C – Personal Property**

   Covered property losses are settled as follows.

   …..

B. **Replacement Cost on Contents**

   **This provision applies when Replacement Cost on Contents is shown in the Declarations.**

   If **you** repair or replace the damaged or destroyed property, **we** will pay the full cost of repair or replacement, less the applicable deductible, without deduction for depreciation.

   1. This settlement applies to:

      a. carpeting, including wall-to-wall carpeting under **COVERAGE A – DWELLING** or **COVERAGE B – PRIVATE STRUCTURES;**
      b. household appliances including built-in appliances under **COVERAGE A – DWELLING** or **COVERAGE B – PRIVATE STRUCTURES;**
      c. personal property covered under **COVERAGE C – PERSONAL PROPERTY** other than the types listed under 4. below; and

d.  articles or classes of property separately described and specifically insured in this policy.

2.  **Our** liability for any loss shall not exceed the smallest of the following amounts for any one loss:

a.  the cost to replace the property with similar property of like kind and quality;
b.  the full cost of repair to restore the property to its original condition;
c.  the limit of liability for Coverage C shown in the Declarations subject to the **Special Limitations on Certain Property** under **SECTION I – COVERAGES, COVERAGE C – PERSONAL PROPERTY;** OR
d.  the limit of liability that applies to any item separately described and specifically insured under this policy.

3.  If **you** decide not to repair, restore or replace the damaged or stolen property, settlement will be on an **actual cash value** basis. **You** may make any claim within 180 days after the date of **actual cash value** payment for any additional payment on a replacement cost basis if **you** repair, restore or replace the damaged or stolen property.

4.  Replacement Cost on Contents does not apply to the following types of personal property:

…..

c.  property which is obsolete or unstable because of its age or condition prior to the loss, or not being used for the purpose for which it was originally intended;

…..

e.  watercraft, including their trailers, furnishings, equipment and outboard motors;

…..

g.  when classified under **COVERAGE C – PERSONAL PROPERTY:**

1)  aerials, antennas, awnings;
2)  outdoor equipment and swimming pools;

3) satellite dishes, solar panels, outdoor well pumps, and outdoor heating and cooling units; or
4) structures, other than building structures.

The above items are subject to **Actual Cash Value Settlement.**

## FIFTEENTH DEFENSE

Defendant affirmatively maintains the policy issued to Plaintiff contains certain provisions regarding the Deductible under the policy, which provide in pertinent part:

**SECTION I – LOSSES WE COVER (SPECIAL PERILS)**

**LOSS DEDUCTIBLE CLAUSE**

**A. Hurricane Windstorm Loss Deductible**

**We** will pay only when a loss caused by **hurricane windstorm** exceeds the deductible amount shown in the Declarations as Hurricane Windstorm Loss deductible. **We** will pay only that part of the loss over such deductible.

…..

The deductible will apply to all Section I losses resulting from **hurricane windstorm** (including Loss of Use).

However, if a covered loss caused by fire, smoke, or explosion resulting from **hurricane windstorm** occurs, the policy loss deductible applies.

…..

**B. Hurricane Windstorm "% Deductible"**

If the deductible is shown as a percentage (%), the dollar amount of the deductible is determined by multiplying the deductible percentage (%) shown by the amount of insurance for Coverage A (Coverage C for Renters and Condominium Owners).

## SIXTEENTH DEFENSE

Defendant affirmatively maintains the policy issued to Plaintiffs contain certain Policy

Conditions regarding What to Do When You Have a Loss, which provides in pertinent part:

### SECTION I - CONDITIONS

…..

2. **What to Do When You Have a Loss. We** have no obligation to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties.

   …..

   B. Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

   C. Cooperate with **us** in the investigation of a claim.

   D. Prepare an inventory of damaged or stolen personal property showing, in detail, the quantity, age, description, **actual cash value** and amount of loss claimed for each item. Attach to the inventory all bills and other documents that substantiate the figures in the inventory.

   E. At any reasonable time and place **we** designate, and as often as **we** reasonably require:

      1. show **us** the damaged property;
      2. submit to questions concerning the loss under oath while not in the presence of any other person defined as "**you**", and sign and swear to the answers; and
      3. allow **us** to examine and copy or abstract any records and documents **we** request.

   F. Within 60 days after **our** request, **you** must file with **us** a signed and sworn proof of loss, stating to the best of **your** knowledge:

      1. the time and cause of loss;
      2. **your** interest and that of any other person in the property involved and all encumbrances on the property;
      3. a description of each item, including all information contained in the inventory described above;
      4. a description of other insurance policies that might apply to the loss;
      5. any changes in ownership, use, possession or location of the property that took place since this policy was issued;

6.  if loss is to a building, who occupied it at the time of loss, what the purposes of such occupancy were, and whether the building stood on leased ground;

7.  specifications of any damaged building, fixture or machinery and detailed estimates for repair of the damage;

8.  receipts for additional living expenses **you** incur and records supporting the fair rental value; and

9.  evidence or affidavit supporting a claim under **SECTION I – ADDITIONAL COVERAGES** for **Credit Card, Electronic Fund Transfer Card, Forgery and Counterfeit Money,** stating the amount and cause of loss.

## SEVENTEENTH DEFENSE

Defendant affirmatively maintains the policy issued to Plaintiffs contains certain Policy Conditions for Our Settlement Options under the policy, which provide in pertinent part:

### SECTION I - CONDITIONS

…..

3.  **Our Settlement Options. We** will adjust all losses with **you**. **We** will pay **you** unless another payee is named in the policy. **We** will pay within 30 days after receipt of satisfactory proofs of loss from **you** or any party in interest. This amount may be determined by an agreement between **you** and **us**, and appraisal award or entry of a final judgment, subject to **SECTION I – HOW WE SETTLE A PROPERTY LOSS.**

In the event of a dispute, we must unconditionally tender to **you** the undisputed portion of the claim. The fact that **we** and **you** have not reached an agreement regarding the amount of the total loss does not entitle **us** to delay payment beyond 30 days subsequent to receipt of proof of loss.

**We** have the option of taking all or part of the property at the agreed or appraised value. **We** have the option to repair, rebuild or replace the damaged or destroyed property of like kind and quality within a reasonable time. **We** must give **you** notice of **our** intention within 30 days after **we** receive **your** signed, sworn proof of loss.

## EIGHTEENTH DEFENSE

Defendant affirmatively maintains the policy issued to Plaintiffs contains certain Policy

Conditions for Appraisal under the policy, which provide in pertinent part:

### SECTION I - CONDITIONS

…..

7. **Appraisal.** If **you** and **we** fail to agree on the amount of loss, either **you** or **we** can make a written demand for an appraisal of the loss. Each party will select a competent appraiser and notify the other within 20 days of appraiser's identity. The two appraisers will select a competent and impartial umpire. If the two appraisers are unable to select an umpire within 15 days, **you** or **we** can request that the choice of an umpire be made by a judge of a court of record in the state where the **residence premises** is located.

   The appraisers separately set the amount of loss determining the full replacement cost and **actual cash value** as to each item as needed. If the appraisers submit a written report of an agreement to **us,** the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. The written award by two of these three people for any item will set the amount of loss. However, any such decision will not restrict **your** right to bring legal action against **us.**

   **You** will pay the appraiser selected by **you**. **We** will pay the appraiser selected by **us. You** and **we** will split the other expenses of appraisal and the fee of the umpire.

## NINETEENTH DEFENSE

Defendant affirmatively maintains the policy issued to Plaintiffs contains certain Policy

Conditions for Rights and Duties of Mortgagee, which provide in pertinent part:

### SECTION I - CONDITIONS

…..

8. **Rights and Duties of Mortgagee.** If a mortgagee is named in the Declarations, any payment for loss under Coverage A or B will be made to the mortgagee to the extent of its interest under all present and future mortgages. If more than one mortgage is

named, payment will be made in the order of priority of the mortgagees.

.....

**We** will notify the mortgagee if **you** fail to give **us** proof of loss. Within 60 days after receiving such notice, the mortgagee must give **us** proof of loss. Policy conditions relating to appraisal, time of payment and time of bringing lawsuit apply to the mortgagee.

If **we** pay the mortgagee for any loss and deny payment to **you**, **we** will be subrogated to the extent of **our** payment to all the rights that the mortgagee has under the mortgage on the property. At **our** option, **we** may pay to the mortgagee the whole principal on the mortgage and all securities held as collateral for the mortgage debt. Subrogation will not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

## <u>TWENTIETH DEFENSE</u>

Defendant affirmatively maintains the policy issued to Plaintiffs contains certain General Conditions for Lawsuits Against Us, which provide in pertinent part:

### GENERAL CONDITIONS

.....

9. **Lawsuits Against Us.** Under Section I of this policy, no suit or action may be brought against **us** by **you** unless there has been full compliance with all of the policy terms. Any suit or action seeking coverage must be brought within twenty-four months of the loss.

## <u>TWENTY-FIRST DEFENSE</u>

Defendant affirmatively maintains it further reserves the right to amend this answer to assert any additional defenses or any other applicable terms, provisions, exclusions, limitations, or conditions of the Policy that may become apparent during Farmers' ongoing investigation and discovery.

AND NOW, answering each allegation set forth in the Petition, this Defendant respectfully avers:

## I. PARTIES

### 1.

In response to the allegations contained in paragraph 1 of the Petition, Defendant admits Plaintiffs are adult residents of Terrebonne Parish.  However, Defendant denies any liability to Plaintiffs.

### 2.

In response to the allegations contained in paragraph 2 of the Petition, Defendant admits its legal status, domicile, and agent for service of process. However, Defendant denies any liability to Plaintiffs.

## II. JURISDICTION AND VENUE

### 3.

In response to the allegations contained in paragraph 3, Defendant avers that based on the Plaintiffs' allegations as to what they believe they are owed as well as the citizenship of the parties, subject matter jurisdiction is properly vested with this Court.  However, Defendant affirmatively denies any liability to Plaintiffs.

### 4.

In response to the allegations contained in paragraph 4 of the Petition, Defendant admits that, based on the allegations in Plaintiffs' Petition, venue is appropriate with this Court.  However, Defendant affirmatively denies any liability to Plaintiffs.

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III.  RELEVANT FACTS

5.

The allegations contained in paragraph 5 of the Petition are denied for lack of information sufficient to justify a belief therein.

6.

In response to the allegations contained in paragraph 6 of the Petition, Farmers admits to providing a certain policy of homeowners insurance which extended certain coverages to Plaintiffs for the property located at 115 Sportsman Drive, Houma, Louisiana 70360.  Defendant maintains that the insuring agreement issued to Plaintiffs is a contract with numerous terms, conditions, and exclusions.  Thus, Defendant refers and adopts the explicit language in said policy and declaration page as if copied *in extenso*.  To the extent that Plaintiffs' allegations are in conflict with the policy's terms and conditions, Defendant explicitly denies said allegations and further denies any liability to Plaintiffs.

7.

In response to the allegations contained in paragraph 7 of the Petition, Defendant admits that Hurricane Ida made landfall in Louisiana on or about August 29, 2020. However, the remaining allegations in paragraph 7 are denied for lack of information sufficient to justify a belief therein.

8.

In response to the allegations contained in paragraph 8 of the Petition, Defendant admits Plaintiffs made a claim, #7003479768-1-1.  The remaining allegations in paragraph 8 are denied for lack of information sufficient to justify a belief therein.

9.

The allegations contained in paragraph 9 of the Petition are denied for lack of information sufficient to justify a belief therein.

10.

The allegations contained in paragraph 10 of the Petition are denied for lack of information sufficient to justify a belief therein.

11.

In response to the allegations contained in paragraph 11 of the Petition, Defendant admits that an adjuster inspected Plaintiffs' property on September 9, 2021, and issued an initial payment to Plaintiffs based on the estimate created from that inspection. The remaining allegations in this paragraph are denied.

12.

In response to the allegations contained in paragraph 12 of the Petition, Defendant adopts the entirety of LA-R.S. §22:1892 and §22:1973, as if copied *in extenso*. To the extent that any allegations in this paragraph misstate the substance or interpretation of LA-R.S. §22:1892 and §22:1973, said allegations and misrepresentations are explicitly denied.

13.

The allegations contained in paragraph 13 of the Petition are denied.

14.

The allegations contained in paragraph 14 of the Petition are denied for lack of information sufficient to justify a belief therein.

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

15.

The allegations contained in paragraph 15 of the Petition are admitted. However, Defendant denies any liability to Plaintiffs.

16.

The allegations contained in paragraph 16 of the Petition are denied.

17.

In response to the allegations contained in paragraph 17 of the Petition, Defendant admits that an adjuster inspected Plaintiffs' property on November 16, 2022, and issued a supplemental payment to Plaintiffs based on the estimate created from that inspection. The remaining allegations in this paragraph are denied.

18.

The allegations contained in paragraph 18 of the Petition are denied.

19.

The allegations contained in paragraph 19 of the Petition are denied.

20.

The allegations contained in paragraph 20 of the Petition are denied.

21.

The allegations contained in paragraph 21 of the Petition are denied.

22.

The allegations contained in paragraph 22 of the Petition are denied.

23.

The allegations contained in paragraph 23 of the Petition are denied.

24.

In response to the allegations contained in paragraph 24 of the Petition, Defendant adopts the entirety of LA-R.S. §22:1892 and §22:1973, as if copied *in extenso*.  To the extent that any allegations in this paragraph misstate the substance or interpretation of LA-R.S. §22:1892 and §22:1973, said allegations and misrepresentations are explicitly denied. Further, Defendant denies any liability to Plaintiffs.

25.

The allegations contained in paragraph 25 of the Petition are denied.

26.

The allegations contained in paragraph 26 of the Petition are denied.

27.

The allegations contained in paragraph 27 of the Petition are denied for lack of information sufficient to justify a belief therein. However, Defendant denies any liability to Plaintiffs.

28.

The allegations contained in paragraph 28 of the Petition are denied for lack of information sufficient to justify a belief therein. However, Defendant denies any liability to Plaintiffs.

### III.  CAUSES OF ACTION
### A.  Breach of the Insurance Contract

29.

In response to the allegations contained in paragraph 29 of the Petition, Defendant reavers, realleges, and reincorporates by reference each and every response to each and every allegation contained in paragraphs 1 – 28 of this Petition, including Defendant's affirmative defenses.

30.

In response to the allegations contained in paragraph 30 of the Petition, Defendant admits that an insurance policy is a contract between the parties.

31.

In response to the allegation contained in paragraph 31 of the Petition, Defendant admits to having a policy of homeowners insurance which extended certain coverages to Plaintiffs for the property located at 115 Sportsman Drive, Houma, Louisiana 70360. Defendant maintains that the insuring agreement issued to Plaintiffs is a contract with numerous terms, conditions, and exclusions. Thus, Defendant refers and adopts the explicit language in said policy and declaration page as if copied *in extenso*. To the extent that Plaintiffs' broad allegation is in conflict with the policy's terms and conditions, Defendant explicitly denies the allegations in this paragraph.

32.

The allegations contained in paragraph 32 of the Petition are denied.

33.

The allegations contained in paragraph 33 of the Petition are denied.

34.

The allegations contained in paragraph 34 of the Petition are denied.

35.

The allegations contained in paragraph 35 of the Petition are denied.

36.

The allegations contained in paragraph 36 of the Petition are denied.

37.

The allegations contained in paragraph 37 of the Petition are denied.

38.

The allegations contained in paragraph 38 of the Petition are denied.

39.

The allegations contained in paragraph 39 of the Petition are denied.

**B. Bad Faith**

40.

In response to the allegations contained in paragraph 40 of the Petition, Defendant reavers, realleges, and reincorporates by reference each and every response to each and every allegation contained in paragraphs 1 – 39 of this Petition, including Defendant's affirmative defenses.

41.

In response to the allegations contained in paragraph 41 of the Petition, Defendant adopts the entirety of LA-R.S. §22:1892 and §22:1973, as if copied *in extenso*. To the extent that any allegations in this paragraph misstate the substance or interpretation of LA-R.S. §22:1892 and §22:1973, said allegations and misrepresentations are explicitly denied. Further, Defendant denies any liability to Plaintiffs.

42.

In response to the allegations contained in paragraph 42 of the Petition, Defendant refers to and incorporates the entirety of La. R.S. § 22:1973. Defendant explicitly denies violating any portion of La. R.S. § 22:1973.

43.

In response to the allegations contained in paragraph 43 of the Petition, Defendant refers to and incorporates the entirety of La. R.S. § 22:1973. Further, Defendant denies violating any portion of La. R.S. § 22:1973.

44.

In response to the allegations contained in paragraph 44 of the Petition, Defendant refers to and incorporates the entirety of La. R.S. § 22:1892. Further, Defendant denies violating any portion of La. R.S. § 22:1892.

45.

In response to the allegations contained in paragraph 45 of the Petition, Defendant adopts the entirety of LA-R.S. §22:1892 and §22:1973, as if copied *in extenso*. To the extent that any allegations in this paragraph misstate the substance or interpretation of LA-R.S. §22:1892 and §22:1973, said allegations and misrepresentations are explicitly denied. Further, Defendant denies any liability to Plaintiffs.

46.

The allegations contained in paragraph 46 of the Petition are denied.

47.

The allegations contained in paragraph 47 of the Petition are denied.

48.

The allegations contained in paragraph 48 of the Petition are denied.

49.

The allegations contained in paragraph 49 of the Petition are denied.

50.

The allegations contained in paragraph 50 of the Petition are denied.

51.

The allegations contained in paragraph 51 of the Petition are denied.

## IV. DAMAGES

52.

In response to the allegations contained in paragraph 52 of the Petition, Defendant reavers, realleges, and reincorporates by reference each and every response to each and every allegation contained in paragraphs 1 – 51 of this Petition, including Defendant's affirmative defenses.

53.

The allegations in paragraph 53 of the Petition are denied.

54.

In response to the allegations in paragraph 54, Defendant also demands and is entitled to a trial by jury.

55.

In response to the allegations in paragraph 55, Defendant also prays for the following relief:

WHEREFORE, Defendant, FARMERS PROPERTY AND CASUALTY INSURANCE COMPANY, prays as follows, to-wit:

That this Answer to Plaintiffs' Petition for Damages and Demand for Jury Trial be deemed good and sufficient and that after all due proceedings had that there be judgment rendered herein in favor of Defendant and against Plaintiffs, dismissing Plaintiffs' claims at Plaintiffs' costs;

FURTHER reserves its right to file an amended answer upon the completion of additional discovery;

FURTHER prays for a trial by jury;

FURTHER PRAYS for all necessary orders and decrees and for just and equitable relief.

Baton Rouge, Louisiana, this 7TH day of June, 2023.

Respectfully Submitted:

**KINCHEN, WALKER, BIENVENU,**
  **BARGAS, REED & HELM, L.L.C.**
Two United Plaza, Suite 202
8550 United Plaza Boulevard
Baton Rouge, LA 70809
Phone: 225.292.6704
Direct: 225.923.7843
Fax:    225.292.6705
Email: vbargas@kwbbrlaw.com
       bharrell@kwbbrlaw.com
       kmarchand@kwbbrlaw.com
       mlefranc@kwbbrlaw.com

BY:    */S BRIAN W. HARRELL*
       **VALERIE BRIGGS BARGAS**
       Louisiana Bar Roll Number 27392
       **BRIAN W. HARRELL**
       Louisiana Bar Roll Number 28439
       **DEVON B. MCKNIGHT**
       Louisiana Bar Roll Number 33507
       **KOLBY P. MARCHAND**
       Louisiana Bar Roll Number 38336
       **MAHALIE L. KYZAR**
       Louisiana Bar Roll Number 39255

       *Attorneys for Farmers Property and*
       *Casualty Insurance Company*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and pleading has been electronically filed on June

7, 2023, with the Clerk of Court using the CM/ECF system.  Notice of this filing will be forwarded

to the following attorney via the Court's Electronic Filing System:

Ms. Ashley Unsworth Schmidt
Mr. Galen M. Hair
Mr. Rene Gautreaux
HAIR SHUNNARAH TRIAL ATTORNEYS, LLC
d/b/a INSURANCE CLAIM HQ
d/b/a INSURANCE CLAIM LAWYERS, INC.
3540 South I-10 Service Road West, Suite 300
Metairie, LA  70001
Fax: 1.504.613.6351
Email : aschmidt@hsta.com
Email:  hair@hairshunnarah.com
Email:  rgautreaux@hsta.com


_____*/S BRIAN W. HARRELL*_____
**BRIAN W. HARRELL**